**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-14117-CIV-MAYNARD[1]**

**ARSENIO DAMAR BEY,**

     **Plaintiff,**

**v.**

**STATE OF FLORIDA,**

     **Defendant.**

_____/

<u>**REPORT AND RECOMMENDATION**</u>

**THIS CAUSE** is before me upon a *sua sponte* review of the record.  Plaintiff has not

taken affirmative steps to continue prosecuting his claims nor timely complied with my Orders

reminding Plaintiff that failure to file an amended complaint could result in dismissal.  DE 4 at

4; DE 9 at 1.  I thus recommend that this case be **DISMISSED WITHOUT PREJUDICE** for

failure to comply with Court Orders and failure to prosecute.

On April 6, 2026, Arsenio Damar Bey commenced this action by filing a Complaint.

DE 1.  Mr. Bey used the Court's form complaint, but it listed "State of Florida, *et al.*" as the

plaintiff and Mr. Bey as the "Demandant."  *Id.* at 1.  It failed to specifically list the State's co-

parties despite using the "*et al.*" phrase.  *Id.*  The Complaint indicated that jurisdiction over the

matter is based on a federal question.  *Id.* at 3.  Mr. Bey cited the "1787 Treaty of Peace and

Friendship," "Organic Constitution of the United States of America," "United Nations

---

[1] This non-prisoner *pro se* civil case was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. *See* Administrative Order 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts._gov/sites/flsd/files/adminorders/2025-11.pdf.  Based on the circumstances of this particular case, I am issuing a Report and Recommendation and will be simultaneously issuing a separate order directing the Clerk to randomly reassign this case to a United States District Judge of this Court.

Declaration on Rights to Indigenous People," and "United Nations Declaration of Human Rights" as the legal authorities at issue, again using the "*et al.*" phrase without specifying additional legal authorities. *Id.* Where the form called for a statement of claim and request for relief, Mr. Bey wrote, "see attached writ of removal." *Id.* at 4–5.

Mr. Bey attached several documents to the form, including a "Legal Notice of Removal Claim from State Court to Federal Court" which referenced two state court case numbers and listed several "Plaintiffs": "St. Lucie County Court," a "foreign private corporation"; "Pigg," an employee of the Florida Highway Patrol; and "F. Maurancy," another employee of the Florida Highway Patrol. DE 1-2 at 3–4. Also attached to the form was a document labeled "Cause of Action," which, though difficult to decipher, seemed to allege an encounter between Mr. Bey and Florida Highway Patrol officers that ended with the towing of Mr. Bey's car and the arrest of Mr. Bey. DE 1-2 at 8–9. Seven pages of varying purported legal authorities followed the "Cause of Action" section, and as relief, Mr. Bey requested enforcement of several aspects of the Bill of Rights, expungement of warrants and state-court actions, and an award of $700,000. *Id.* at 9–16. Mr. Bey also attached other documents and photographs without clear meaning. *Id.* at 20–39.

On April 16, 2026, I issued an order *sua sponte* dismissing the Complaint without prejudice. DE 5. I concluded that the Complaint and attachments made it impossible for me to discern a basis for jurisdiction. *Id.* at 3. I gave Plaintiff an opportunity to file an amended complaint on or before May 15, 2026. *Id.* at 4. I warned Plaintiff that "**failure to timely file an amended complaint in compliance with this Order's directives will likely result in a recommended final dismissal of this case for failure to prosecute or failure to comply with**

**Court orders.**" *Id.* (emphasis in original) (citing Fed. R. Civ. P. 41(b)).  This deadline passed with no activity by Plaintiff.

On June 2, 2026, I *sua sponte* extended the deadline to June 15, 2026.  DE 9 at 1.  I once again warned Plaintiff that "**failure to comply with this Order will likely result in recommended dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with Court orders.**" *Id.* (emphasis in original).  Plaintiff still has not filed an amended complaint or otherwise responded to my Orders.

Under Federal Rule of Civil Procedure 41: "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action."  Fed. R. Civ. P. 41(b); *see also McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion").  The Eleventh Circuit has made clear that a district court may *sua sponte* dismiss a case for lack of prosecution based on its own "inherent power to manage its docket."  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Dismissal *with prejudice* for failure to prosecute "is a sanction of last resort that is to be utilized only in extreme situations" and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff."  *Morewitz v. West of England Ship Owners Mut. Prot. and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice).  In contrast, a dismissal *without prejudice* is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing

claims in this manner.  *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Over two months have passed since Plaintiff filed his original Complaint.  A series of Court Orders have provided Plaintiff with clear guidance and ample opportunity to continue prosecuting this case.  Plaintiff has been given fair warning twice that the failure to file an amended complaint to timely pursue this case could lead to this case being dismissed without further notice.  It appears that Plaintiff does not intend to pursue its claims.  However, because there is no clear record of delay or contumacious conduct, dismissal without prejudice for failure to prosecute is the appropriate course.  *See, e.g.*, *Riddell v. Florida*, 702 F. App'x 869, 871–72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss).  This dismissal would not act as an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b) (providing that dismissal for failure to prosecute, or for failure to comply with the Federal Rules or a court order, operates as an adjudication on the merits "[u]nless the dismissal order states otherwise").

### RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders and failure to prosecute.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge.  *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a).  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an

4

issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).  **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 6th day of July, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE